IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD K. MILLS,<br><br>     Plaintiff,<br><br>vs.<br><br>HASTINGS UTILITIES,<br><br>     Defendant. | 4:18-CV-3149<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on two partial motions to dismiss (filing 4; filing 13) and a motion to strike (filing 6) filed by the defendant, Hastings Utilities. Those motions will be granted in part and denied in part as set forth below.

## I. BACKGROUND

  From 2009 until he was terminated in May 2017, the plaintiff, Edward Mills, was employed by Hastings Utilities. Filing 1-1 at 3-4. In 2016, Hastings Utilities posted openings for two shift foreman positions. *See* filing 1-1 at 4. Mills applied for both positions, but was not selected for either. *See* filing 1-1 at 4. Mills contends that the reason Hastings Utilities did not select him for either position is because he "made management feel defensive and backed into a corner." Filing 1-1 at 4. This is true, Mills alleges, because in November 2014, Mills reported the existence of several safety violations to the Occupational Safety and Health Administration (OSHA). Filing 1-1 at 3.

  Accordingly, Mills filed this lawsuit claiming that Hastings Utilities unlawfully retaliated against him in violation of OSHA and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq*. Mills

also contends that Hastings Utilities engaged in age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* and the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. § 48-1001 *et seq.*, by filling the shift foreman positions with employees who were significantly younger than Mills. Filing 1-1 at 4.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## III. DISCUSSION

### 1. MOTIONS TO DISMISS

Hastings Utilities moves to dismiss the following causes of action: age discrimination in violation of the NADEA, retaliation in violation of the NFEPA, and OSHA retaliation. Filing 5 at 2; filing 14 at 2. Because Hastings Utilities' arguments relating to Mills' NADEA and NFEPA claims (*i.e.*, the

2

state law claims) raise similar issues of law and fact, the Court will consider those claims together before moving on to Hastings Utilities' OSHA retaliation claim.

(a) State Law Claims

Hastings Utilities moves to dismiss Mills' NADEA and NFEPA claims as untimely. *See* filing 11 at 3-4; filing 14 at 2-3. Under both statutory schemes, the deadline for filing an action in the district court is ninety days after the complainant receives notice of the last action the Nebraska Equal Opportunity will take on the complaint or charge. Neb. Rev. Stat. § 48-1120.01; *see also Clark v. Union Pac. R.R.,* 2009 WL 1740597, at *1 (D. Neb. June 18, 2009). Often times, the last action the Commission will take is issuing its determination. *See, e.g.*, *Worlds v. Midwest Demolition Co.*, 2017 WL 1283477, at *2 (D. Neb. Apr. 5, 2017); *Bieler v. Cardinal Health 200, LLC*, 2016 WL 2626862, at *2 (D. Neb. May 6, 2016); *Birge v. Nebraska Med.*, 2017 WL 773525, at *2 (D. Neb. Feb. 27, 2017).

Here, the Commission issued its last action on May 18, 2018—the date the Commission released its determinations dismissing Mills' charges. Filing 1-1 at 1-2; *see also* filing 15-1 at 1.[1] At this time, the Commission also informed

---

[1] On a motion to dismiss, in addition to the pleadings, the Court may also consider some information which is not contained within the complaint, such as materials that are part of the public record and materials that are necessarily embraced by the pleadings, without transforming the motion into one for summary judgment. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999); *see Greenman v. Jessen,* 787 F.3d 882, 887 (8th Cir. 2015); *see also Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008). NEOC records are such materials. *See Faibisch v. Univ. of Minnesota,* 304 F.3d 797, 802 (8th Cir. 2002); *see also Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir.), *cert. denied*

3

Mills that he had "90 days after the receipt of this notice" to file his action in district court. Filing 15-1 at 3. But Mills did not file suit until October 2, 2018—nearly 137 days after he received the Commission's determination on his NFEPA and NADEA claims. Filing 1-1 at 1. So, Mills' state law claims were not filed within the 90-day window, and as such are barred by the statute of limitations. *See Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1001 (8th Cir. 2013).

Even so, Mills contends that his NFEPA claim survives Hastings Utilities' motion to dismiss.[2] This is true, Mills argues, because Neb. Rev. Stat. § 48-1119(4) permits a claimant to file a district court action in the county where the violation occurred without exhausting his administrative remedies. Filing 8 at 5. Based on that language, Mills claims that his NFEPA claim is timely. *See* filing 8 at 5.

But § 49-1119(4) only alters the procedural requirements necessary before the plaintiff initiates the lawsuit—not the time period the plaintiff has to file a complaint in a district court after he actually received a determination by the commission. That means § 48-1119(4) would support the conclusion that a plaintiff may file a complaint in district court *before* the commission has issued a determination, but it does not excuse Mills' failure to file his claim in district court within 90 *after* he actually received a determination by the commission. *See Goolsby v. Anderson*, 549 N.W.2d 153, 157 (Neb. 1996) (finding that the NFEPA allows plaintiffs, in some instances, to enforce their constitutional and statutory rights in district court without first having exhausted statutory administrative remedies). Accordingly, the Court

---

*sub nom. Adams v. City of Indianapolis, Ind.*, 135 S. Ct. 286 (2014); *Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1017 (N.D. Iowa 2011).

[2] Mills did not respond to Hasting Utilities' motion to dismiss on its NADEA claim.

concludes that § 48-1119(4) does not alter the statute of limitations period, and Mills' NADEA and NFEPA claims will be dismissed as untimely.

(b) OSHA Retaliation Claim

Next, Hastings Utilities contends that Mills' OSHA retaliation claim must be dismissed as a matter of law. Filing 5 at 2. In support of that argument, Hastings Utilities correctly points out that OSHA does not provide a private right of action for employees. *See Kohrt v. MidAmerican Energy Co.*, 364 F.3d 894, 901–02 (8th Cir. 2004) (recognizing that there is no private right to sue under OSHA); *see also Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 977 (5th Cir. 1975); *Hoeft v. Dommisse*, 352 F. App'x 77, 80 (7th Cir. 2009) ("only the Secretary of Labor may sue to enforce [OSHA], which does not provide individual employees with any express or implied right of action"); *Glanton v. Harrah's Entm't, Inc.*, 297 F. App'x 685, 687 (9th Cir. 2008) ("OSHA does not provide a private cause of action . . . Congress did not intend for OSHA-based actions to be litigated by private actors in federal court").

But according to Mills, a private right of action exists under OSHA specifically for retaliation claims. Filing 8 at 4. That argument, however, is contrary to established caselaw. *Taylor v. Brighton Corp.*, 616 F.2d 256, 258–264 (6th Cir. 1980) (based on a careful examination of Supreme Court decisions and OSHA's legislative history, finding that Congress did not intend to create a private right of action for retaliatory discrimination under OSHA); *George v. Aztec Rental Ctr., Inc.*, 763 F.2d 184, 186 (5th Cir. 1985) (agreeing with the Sixth Circuit in *Taylor*, "[w]e therefore hold that there is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c)."); *see also Bettis v. Oscar Mayer Foods Corp.*, 878 F.2d 192, 196 (7th Cir. 1989); *Furby v. DaimlerChrysler Corp.*, 2003 WL 22284556, at *4 (E.D. Mich. Sept. 17, 2003). And because OSHA does not

5

provide a private right of action for retaliatory discrimination, Mills cannot state a claim for relief as a matter of law.

That means, to the extent that Mills had a viable retaliation claim, it would have been a state law cause of action under NFEPA. *See* filing 1-1 at 6; *Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473, 475 (8th Cir. 1990) (allowing state law retaliation claims to proceed when the complaint included allegations of OSHA whistleblowing). But as discussed above, Mills' NFEPA claim is untimely. And so, the Court will dismiss Mills' retaliation cause of action in its entirety.

2. MOTION TO STRIKE

Finally, Hasting Utilities moves to strike Mills' demand for compensatory and punitive damages under the ADEA.[3] Section 626(b) of the ADEA provides, in relevant part, that

> Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability

---

[3] Hastings Utilities also moves to strike Mills' damages demand under NADEA. *See* filing 6 at 1. But because that claim is dismissed as untimely, the motion to strike is moot on those grounds.

6

for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

29 U.S.C. § 626(b) (emphasis in original).

The Eighth Circuit has explained that § 626(b) "contains two tiers of liability. It awards compensatory damages when an employer violates the [ADEA] and liquidated damages when that violation is willful." *Spencer v. Stuart Hall Co., Inc.*, 173 F.3d 1124, 1129 (8th Cir. 1999). Generally speaking, liquidated damages serve as a deterrent to willful violations of the [ADEA], and while there is an aspect to such damages that is punitive in nature, they are not the equivalent of punitive damages. *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 729 (8th Cir. 1992) (internal citations omitted); *see also Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635, 640 (8th Cir. 1997). And under the ADEA, punitive damages are not recoverable. *Williams*, 964 F.2d at 729 (citing 29 U.S.C. § 621-34).

Accordingly, Mills' punitive damage demand will be stricken. *Id.* But to the extent that Hastings Utilities seeks to strike Mills' claim for compensatory damages, that motion will be denied at this early stage of the proceeding. *See* 29 U.S.C. § 626; *Spencer*, 173 F.3d at 1129 (compensatory damages allowed under ADEA).

IT IS ORDERED:

1. Hastings Utilities' motion to dismiss (filing 4) is granted.

2. Hasting Utilities' motion to strike (filing 6) is granted in part and denied in part as set forth above.

4. Hastings Utilities' motion to dismiss (filing 13) is granted.

3. This case is referred to the Magistrate Judge for progression.

Dated this 26th day of April, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge