IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD K. MILLS,<br><br>     Plaintiff,<br><br>vs.<br><br>HASTINGS UTILITIES,<br><br>     Defendant. | 4:18-CV-3149<br><br>**MEMORANDUM AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Summary Judgment as to Plaintiff's single remaining claim for age discrimination under the federal Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 *et seq*. Filing 29. Defendant, Hastings Utilities, directs and supervises the City of Hastings's water and sewer departments, electrical generation and distribution system, and natural gas distribution system. Filing 31-8 at 1. Plaintiff, Edward Mills ("Mills"), was an employee of Hastings Utilities from August 3, 2009, to March 6, 2017. Filing 31-8 at 2-5. Plaintiff filed a complaint in the District Court of Adams County, Nebraska, on October 2, 2018. Filing 1-1 at 1. In his Complaint, Plaintiff brought four causes of action. Filing 1-1 at 4-6. Defendant removed the case to this Court on November 1, 2018. Filing 1. Thereafter, Defendant filed two motions to dismiss, which affected three of Plaintiff's causes of action. Filing 4. Filing 13. Chief Judge Gerrard granted those motions, leaving Plaintiff with one remaining cause of action under the ADEA. Filing 16. In this remaining count, Plaintiff alleges discrimination based on his age because he was not hired for one of two shift supervisor positions at Hastings Utilities. Filing 31-7 at 8-9.

## II. BACKGROUND

Plaintiff began working for Hastings Utilities on August 3, 2009. [Filing 31-8 at 2](). During his time employed by Hastings Utilities, Plaintiff held three different positions ending with control room operator. [Filing 31-3 at 1](). In June of 2015, Plaintiff told his shift supervisor that he was "incompetent" and "that he didn't know what he was doing." [Filing 33-2 at 11](). According to Plaintiff, this display happened in a "very public manner." [Filing 33-2 at 11](). Plaintiff also said that if someone makes a mistake the same shift supervisor throws them under the bus and blames them instead of standing up for them. [Filing 33-2 at 11](). Defendant counseled Plaintiff for this incident. [Filing 33-2 at 11](). Defendant also required Plaintiff to sign a performance review that was mostly positive but indicated that "[Mills] needs to cooperate with the shift foreman. Be more professional in handling personal conflicts." [Filing 31-4 at 1](). In addition, Defendant counseled Plaintiff for playing games on his cellphone. [Filing 33-2 at 11]().

Less than a year after the mostly positive performance review, Defendant posted two open shift foreman positions within Hastings Utilities on June 16, 2016. [Filing 31-8 at 2](). Plaintiff applied for one of the two shift foreman positions on June 28. [Filing 31-8 at 2](). At the time of his application, Plaintiff was forty-nine years old. [Filing 31-8 at 4](). A total of eight internal candidates were interviewed for the two open positions. [Filing 31-8 at 3](). Of the eight candidates, three were called back for a second interview. [Filing 31-8 at 3](). Plaintiff was not interviewed a second time and ultimately not hired for either of the two open shift foreman positions. [Filing 31-8 at 3-4](). The two individuals who were hired for the shift foreman positions were younger than Plaintiff. Nathan Cummins ("Cummins") and Shane Stone ("Stone") were forty-three and thirty-two years old, respectively, when they were selected for the positions. [Filing 31-8 at 3-4](). On March 6, 2017, Defendant ended Plaintiff's employment with Hastings Utilities. [Filing 31-8 at 4]().

# III. STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, Fed. R. Civ. P. "56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844,

3

853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of *some* alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

## IV. DISCUSSION

Mills's single remaining cause of action alleges a "failure to promote" charge in violation of the ADEA. After examining the record, the parties' briefs, and relevant case law, the Court finds Defendant is entitled to judgment as a matter of law on Mills's claim as discussed below.

The ADEA restricts employers that are engaged in an industry affecting commerce, and that employ twenty or more employees, from discriminating against employees who are forty years of age or older with respect to their "compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff may establish intentional age discrimination under the ADEA by presenting either direct evidence of discrimination or circumstantial evidence which triggers the *McDonnell Douglas* burden-shifting analysis. *Aulick v. Skybridge Americas, Inc.*, 860 F.3d 613, 620 (8th Cir. 2017). "[D]irect evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Id.* (citing *Carraher v. Target Corp.*, 503 F.3d 714, 716 (8th Cir. 2007). Under *McDonnell Douglas*, the plaintiff must establish a prima facie case of discrimination which requires the plaintiff to show he (1) was at least forty years old; (2) was

qualified for the position in question; (3) suffered an adverse employment action; and (4) was rejected for or treated less favorably than someone sufficiently younger to permit the inference of age discrimination. *Id.* at 620-21; *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012). If the plaintiff succeeds, the "employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Aulick*, 860 F.3d at 621. "If the employer meets this burden, then the plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* at 620. Ultimately, age must have been the but-for cause of the employment decision for an ADEA claim. *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015).

In this case, there is no evidence of direct discrimination so the Court must focus on the *McDonnell Douglas* analysis. The Court need not engage in a detailed analysis to determine Plaintiff could make a prima facie case under the *McDonnell Douglas* analysis. Assuming without deciding that Mills can establish a prima facie case, Defendant has articulated legitimate, nondiscriminatory reasons for not promoting Mills. Specifically, Mills had issues with his supervisor and received a lower score in his interview. There is no evidence that Cummins and Stone had any similar issues and they received higher scores than Mills in their interviews for the position.

An employer is properly entitled to judgment as a matter of law "if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision." *Cha v. Henderson*, 258 F.3d 802, 805 n.3 (8th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). In this case, it appears Plaintiff was not wholly disqualified from the shift foreman position. He appeared to have sufficient education and experience to adequately fill the position. *See generally* Filing 31-3. However, second-guessing an

employer's management decisions is outside the purview of this Court. We have oft repeated the maxim that the "federal courts do not sit as super-personnel departments" assessing the business judgments made by employers. *See, e.g.*, *Wilking v. Cty. of Ramsey*, 153 F.3d 869, 873 (8th Cir. 1998). Instead, the courts address "[t]he ultimate question in every employment discrimination case involving a claim of disparate treatment [which] is whether the plaintiff was the victim of intentional discrimination." *Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 955 (8th Cir. 2001) (quoting *Reeves*, 530 U.S. at 153, 120 S. Ct. 2097, 147 L. Ed. 2d 105).

Here, Defendant had eight applicants for two positions. Filing 31-8 at 3. For those positions, Defendant hired two individuals, Cummins and Stone, who were younger than Plaintiff. Filing 31-8 at 3-4. Cummins was forty-three years old when he applied for the shift foreman position, had already held the position of shift supervisor for another employer, was training to become a shift supervisor for Hastings Utilities, and scored ninety-two points in his initial interview. Filing 31-8 at 3. Stone was thirty-two years old at the time he applied, already had one Associate of Applied Science degree and was working on another, had consistently received high marks in his performance reviews, and scored sixty-five points after his initial interview. Filing 31-8 at 4. Plaintiff, likewise, had a mostly positive performance review in 2015. Filing 31-4. However, even that document reflects concerns that "[Mills] needs to cooperate with the shift foreman. Be more professional in handling personal conflicts." Filing 31-4 at 1. In addition, Plaintiff admits he challenged his supervisor in a "very public manner." Filing 33-2 at 11. Moreover, Plaintiff scored fifty-nine points on his candidate evaluation form, lower than both Cummins and Stone. Filing 31-8 at 9. The hand-written notes on that form indicate a "[l]ong ongoing conflict with Dave M.- Went off on him in front of everyone. Screaming match." Filing 31-8 at 9. The Court cannot stand in the shoes of an employer and reevaluate legitimate

employment decisions. Here, while both promoted candidates were younger than Plaintiff, Defendant has carried its burden and shown there were legitimate non-discriminatory reasons behind its decision.

The *McDonnell Douglas* analysis shifts the burden back to Plaintiff to show the stated nondiscriminatory reason was a pretext for age-based discrimination. When considering pretext, the question is not whether the decision was misguided, but rather whether the articulated reason was untrue and a pretext for discrimination. *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 837-38 (8th Cir. 2002). Plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by Defendant were not its true reasons, but were a pretext for discrimination. *Aulick*, 860 F.3d at 620.

A review of the record makes it clear Plaintiff had issues working with his supervisor and Cummins and Stone were qualified for the position as evidenced by their interview scores. Plaintiff argues the interview process should be called into question because three of Stone's scores were changed, increasing his score from fifty-six to sixty-nine. This alteration resulted in Stone having a higher score than Plaintiff. Filing 31-8 at 17. Relying on *Hilde v. City of Eveleth*, 777 F.3d 998 (8th Cir. 2015), Plaintiff argues the changed score "call[s] into question the objectivity of the entire hiring process." Filing 32 at 10. In *Hilde*, the defendant asserted its legitimate reason for not promoting the plaintiff was the other candidate was "the most qualified candidate for the position." 777 F.3d at 1007. However, before the interviews the plaintiff had more than double the other candidate's score. *Id*. Hilde was able to provide evidence that his interview scores were intentionally "leveled" with the other candidate. *Id*. at 1002. The Eighth Circuit stated that the defendant's *deliberate manipulation* of the plaintiff's score in order to ensure he was similarly qualified called into question the objectivity of the entire hiring process. *Id*. at 1007. However,

7

unlike in *Hilde*, Plaintiff in this case has not presented any evidence to support an inference that Stone's score was deliberately manipulated for any discriminatory reason.

Even if Stone's score was not changed, he would have had fifty-six points. Plaintiff's score was fifty-nine points. Even with the lower score, Stone is similarly qualified to Plaintiff without evidence of a history of insubordination. Again, second-guessing employers' selections between comparatively qualified candidates is inappropriate because federal courts are not super-personnel departments. *Mustafa v. Neb. Dep't of Corr. Servs.*, 196 F. Supp. 2d 945, 953 (D. Neb. 2002).

Accordingly, Mills has not borne his burden of offering sufficient evidence to create a dispute of material fact and refute Defendant's legitimate, non-discriminatory reason for promoting two younger individuals. Defendant is therefore entitled to summary judgment on Mills's ADEA claim.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Defendant is entitled to summary judgment.

IT IS THEREFORE ORDERED:

1. Defendant's Motion for Summary Judgment (Filing 29) is granted;

2. Plaintiff's Complaint (Filing 1-1) is dismissed in its entirety;

3. A separate judgment will be entered.

Dated this 2nd day of January, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge